IN THE SUPREME COURT OF NORTH CAROLINA

No. 191A20

Filed 20 November 2020

IN THE MATTER OF: G.L. and I.L.


Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from orders entered on 22 and 28 January 2020 by Judge Meredith A. Shuford in District Court, Lincoln County. This matter was calendared in the Supreme Court on 7 October 2020, but was determined upon the basis of the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *Randel S. Hudson for petitioner-appellee Lincoln County Department of Social Services.*
>
> *Michelle FormyDuval Lynch for appellee Guardian ad Litem.*
>
> *Richard Croutharmel for respondent-appellant mother.*

ERVIN, Justice.

Respondent-mother Melissa C. appeals from adjudication and disposition orders[1] terminating her parental rights in her minor children G.L. and I.L.[2] On appeal, counsel for respondent-mother has filed a no-merit brief on his client's behalf

---

[1] The trial court's orders also terminated the parental rights of the children's father. However, since the father has not challenged the lawfulness of the trial court's orders before this Court, we will refrain from discussing the evidence relating to the father in any detail in the remainder of this opinion.

[2] G.L. and I.L. will be referred to throughout the remainder of this opinion as, respectively, "Gillian" and "Ilsa," which are pseudonyms used to protect the identities of the juveniles and for ease of reading.

as is authorized by N.C.R. App. P. 3.1(e). After carefully considering the potential issues identified by respondent-mother's counsel in light of the record and the applicable law, we affirm the trial court's termination orders.

The Lincoln County Department of Social Services had been involved with the children's family since the time that the children were born in 2005 and 2007, respectively. Prior to 13 January 2018, when DSS received yet another child protective services report relating to Ilsa and Gillian, the family had been the subject of five earlier child protective service reports and had been provided with case management services that were intended to address substance abuse and domestic violence concerns. According to the 13 January 2018 child protective services report, Ilsa and Gillian had attempted to intervene in an incident of domestic violence involving their parents in an attempt to protect respondent-mother. After failing to protect respondent-mother from their father, the children went to the home of a neighbor, who sought the assistance of law enforcement officers. At the time that investigating officers arrived at the scene of the assault, they determined that respondent-mother was intoxicated.

In the early morning hours of 5 March 2018, the father was arrested based upon pending drug-related charges. At that time, investigating officers reported that both Ilsa and Gillian were in the automobile that he was operating and that a strong odor of marijuana was emanating from the vehicle. Investigating officers discovered "two burnt marijuana joints" in the vehicle and eight amphetamine pills, a brown

waxy substance wrapped in tinfoil, and a bag of methamphetamine on the father's person. Although a social worker went to the family home following this incident, no one was there.

At about noon on the same day, a social worker spoke by phone to respondent-mother, who stated that she was in Hickory and could not return until eight o'clock that night. In response to the social worker's assertion that respondent-mother needed to return to Lincoln County immediately, respondent-mother told the social worker that she would call at the time that she arrived home. At approximately 3:00 p.m., the social worker returned to the family home and was present when Ilsa and Gillian got off of the school bus. At the time of the children's arrival, there were no adults in the family home or in the grandparents' adjoining residence and the social worker could not make contact with either parent. As a result, the children were taken into DSS custody on an emergency basis.

On the same date, DSS filed a juvenile petition alleging that Ilsa and Gillian were neglected juveniles and obtained the entry of an order taking them into nonsecure custody. On 1 October 2018, Judge K. Dean Black entered an adjudication order finding the children to be neglected juveniles. On 25 October 2018, Judge Larry J. Wilson entered a disposition order placing the children in DSS custody, and ordering respondent-mother to complete parenting classes, obtain a mental health assessment and comply with all resulting recommendations, obtain a substance abuse assessment and comply with all resulting recommendations, complete domestic

violence non-offenders counseling, and submit to random drug screens. In addition, Judge Wilson authorized respondent-mother to have weekly visits with Ilsa and Gillian in the event that she was able to produce a negative drug screen.

Unfortunately, respondent-mother made little progress in attempting to satisfy the requirements of her case plan. On 11 July 2019, following a permanency planning hearing held on 23 April 2019, Judge Black entered an order in which he found as a fact that respondent-mother had failed to complete parenting classes, had not scheduled a mental health assessment, had not completed substance abuse classes after having obtained a substance abuse assessment, had refused to participate in domestic violence treatment, had failed to submit to requested drug screens, had not visited with the children for several months in light of her refusal to submit to requested drug screens, and had been charged with possession of a controlled substance in a jail or prison, possession of methamphetamine, and possession of drug paraphernalia. Based upon these and other determinations, Judge Black changed the permanent plan for the children to a primary plan of adoption and a secondary plan of reunification and authorized the cessation of attempts to reunify Ilsa and Gillian with respondent-mother. In the interval between the 23 April 2019 review hearing and the entry of the 11 July 2019 order, respondent-mother was convicted of the pending drug-related offenses, placed upon supervised probation, and ordered to wear an ankle monitor. On 29 May 2019, respondent-mother failed a drug

screen that had been conducted for probation-related purposes by testing positive for the presence of methamphetamine.

On 15 July 2019, DSS filed a petition seeking to have respondent-mother's parental rights in Ilsa and Gillian terminated on the grounds of neglect, N.C.G.S. § 7B-1111(a)(2); willful failure to make reasonable progress toward correcting the conditions that had led to the children's removal from the family home, N.C.G.S. § 7B-1111(a)(2); willful failure to pay a reasonable portion of the children's care while they were in DSS custody, N.C.G.S. § 7B-1111(a)(3); and willful abandonment, N.C.G.S. § 7B-1111(a)(7). After the filing of the termination petition, respondent-mother was charged with interfering with her electronic monitoring device, found to have violated the terms and conditions of her probation, and had her suspended sentence activated.

The termination petition came on for an adjudication hearing on 10 December 2019 and a disposition hearing on 10 January 2020. On 13 January 2020, the trial court entered an adjudication order, with an amended adjudication order having been entered on 22 January 2020. On 28 January 2020, the trial court entered a dispositional order. In these orders, the trial court concluded that respondent-mother's parental rights in Ilsa and Gillian were subject to termination on the basis of neglect, N.C.G.S. § 7B-1111(a)(1), and willful failure to make reasonable progress toward correcting the conditions that had led to the children's removal from the family home, N.C.G.S. § 7B-1111(a)(2), and that it was in the children's best interests

for respondent-mother's parental rights to be terminated. Respondent-mother noted an appeal to this Court from the trial court's termination orders.

Respondent-mother's appellate counsel has filed a no-merit brief on her behalf as authorized by N.C.R. App. P. Rule 3.1(e). As part of that process, respondent-mother's appellate counsel has advised respondent-mother of her right to file *pro se* written arguments on her own behalf and has provided her with the documents necessary to do so. Respondent-mother has not, however, submitted any written arguments for our consideration.

In the event that a parent's appellate counsel files a no-merit brief on his or her client's behalf pursuant to N.C.R. App. P. 3.1(e), this Court reviews the issues that are listed in that brief to see if they have potential merit. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). In his no-merit brief, respondent-mother's counsel identified certain issues relating to the adjudication and disposition portions of this proceeding that could arguably support an award of appellate relief, including whether the trial court properly found that grounds for the termination of respondent-mother's parental rights in the children existed and whether the trial court abused its discretion by determining that the termination of respondent-mother's parental rights in the children would be in their best interests, before explaining why he believed that these potential issues lacked merit. After a careful review of the issues identified in the respondent-mother's no-merit brief in light of the record and the applicable law, we are satisfied that the findings of fact contained

in the trial court's termination orders have ample record support and that those findings of fact support the trial court's determinations that respondent-mother's parental rights in Ilsa and Gillian were subject to termination on the basis of at least one of the grounds delineated in N.C.G.S. § 7B-1111(a) and that the termination of respondent-mother's parental rights in the children would be in their best interests. As a result, we affirm the trial court's termination orders.

AFFIRMED.